# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIABETES CARE, INC., | |
|     Plaintiff,<br>    Counterclaim-Defendant, | |
|   v. | C.A. No. 24-668-GBW |
| TRIVIDIA HEALTH, INC., | **UNSEALED ON** 2/26/25 |
|     Defendant,<br>    Counterclaim-Plaintiff. | |

---

Daniel M. Silver, Alexandra M. Joyce, MCCARTER & ENGLISH, LLP, Wilmington, DE; Robert J. Gunther, Jr., Omar A. Khan, WILMER CUTLER PICKERING HALE AND DORR LLP, New York, NY; S. Dennis Wang, WILMER CUTLER PICKERING HALE AND DORR LLP, Palo Alto, CA; David P. Yin, WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, DC.

*Counsel for Plaintiff / Counterclaim-Defendant*

Benjamin J. Schladweiler, Renée Mosley Delcollo, GREENBERG TRAURIG, LLP, Wilmington, DE; Herbert H. Finn, GREENBERG TRAURIG, LLP, Chicago, IL.

*Counsel for Defendant / Counterclaim-Plaintiff*

,

## MEMORANDUM OPINION

February 7, 2025
Wilmington, Delaware

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Pending before the Court is Roche Diabetes Care, Inc.'s ("Roche") Motion to Dismiss Counterclaims and to Strike Affirmative Defenses ("Motion") (D.I. 16), which has been fully briefed (D.I. 17; D.I. 18; D.I. 21). For the reasons described below, the Court grants-in-part and denies-in-part Roche's Motion.

Also pending before the Court is Roche's motion and corresponding letter brief requesting "a stay of discovery with respect to Trividia's counterclaims, pending the resolution of Roche's Motion to Dismiss Counterclaims (D.I. 16, 17, 21); or, in the alternative, to bifurcate and stay discovery on the counterclaims" ("Stay Motion") (D.I. 53), which has also been fully briefed (D.I. 54). For the reasons described below, the Court denies Roche's Stay Motion.

I.    **BACKGROUND**

On June 4, 2024, Roche filed a complaint for patent infringement. D.I. 1. On July 26, 2024, Trividia Health, Inc. ("Trividia") filed its Answer to Complaint, Affirmative Defenses, and Counterclaims ("Answer and Counterclaims"). D.I. 13. Therein, Trividia alleges that Roche infringes independent claims 1 and 18 of U.S. Patent No. 8,128,981 ("the '981 patent") and independent claims 11 and 26 of U.S. Patent No. 6,964,871 ("the '871 patent") (together, the "Asserted Claims" and "Asserted Patents"). D.I. 13 at 36-43.

The Asserted Patents generally "cover technology related to Trividia's blood glucose meter and test strip product lines." *See* D.I. 18 at 2. Specifically, the '981 patent "is generally directed to 'electrochemical biosensors, and more particularly, to methods and systems for manufacturing biosensors.'" D.I. 18 at 2 (citing '981 patent at 1:12-14). The '871 patent "is generally directed

2

to 'electrochemical sensors and, more particularly, to systems and methods for sensing blood glucose levels electrochemically.'" D.I. 18 at 3 (citing '871 patent at 1:23-25).

On August 16, 2024, Roche filed the motion at issue here. D.I. 16. Therein, Roche contends that:

A.   Trividia fails to state a claim for infringement of the '981 and '871 patents;

B.   Trividia fails to state a claim for relief for the '871 patent;

C.   Trividia fails to sufficiently plead knowledge required for willful and indirect infringement;

D.   Trividia fails to sufficiently plead inequitable conduct; and

E.   Trividia fails to sufficiently plead the equitable defenses of waiver, estoppel, and prosecution laches.

D.I. 17. Trividia opposes on each account and also, in the alternative, requests leave to amend if necessary. D.I. 18. On January 10, 2025, Roche filed its Stay Motion and corresponding letter brief; on January 14, 2025, Trividia filed its opposing letter brief. D.I. 53; D.I. 54.

## II.    JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1400(b).

## III.   LEGAL STANDARDS

### A.    Rule 12(b)(6) Motion to Dismiss

"Courts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint." *Zadro Prods., Inc. v. SDI Techs., Inc.*, No. 17-cv-1406-WCB, 2019 WL 1100470, at *1 (D. Del. Mar. 8, 2019) (quoting *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, No. 12-cv-1461-LPS-CJB, 2017 WL 239326, at *3 (D. Del. Jan. 19, 2017)).

Federal Rule of Civil Procedure 8(a) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "If pleadings fail to state a claim, in whole or in part, on which a court may grant relief, a defendant may seek to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6)." *Staton Techiya, LLC v. Harman Int'l Indus.*, 734 F. Supp. 3d 354, 363 (D. Del. 2024) (citing Fed. R. Civ. P. 12(b)(6)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "In other words, a plausible claim must do more than merely allege entitlement to relief; it must support the grounds for that entitlement with sufficient factual content." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citing *Iqbal*, 556 U.S. 662, 678). The Court assumes the factual allegations contained in the complaint to be true and draws all reasonable inferences in favor of the non-moving party when considering a motion to dismiss. *See Twombly*, 550 U.S. 544, 555-56. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678.

The *Iqbal/Twombly* standards govern the pleading standard for allegations of patent infringement. *Golden v. Apple Inc.*, 819 F. App'x 930, 930-31 (Fed. Cir. 2020). "Accordingly, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements."

*Bot M8*, 4 F.4th 1342, 1353. Instead, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.*

"More particularly: '[a] plaintiff is not required to plead infringement on an element-by-element basis." *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 35 (Fed. Cir. 2024) (quoting *Bot M8*, 4 F.4th 1342, 1352). "Instead, it is enough that a complaint place the alleged infringer on notice of what activity . . . is being accused of infringement." *Id.* (quoting *Bot M8*, 4 F.4th 1342, 1352). "[W]hile a patentee's pleading obligations are not insurmountable, a patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims." *Id.* (citing *Bot M8*, 4 F.4th 1342, 1346).

**B.    Rule 12(f) Motion to Strike**

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In doing so, "[t]he court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* "Motions to strike are generally disfavored." *Carson v. HP Inc.*, No. 22-cv-208-CJB, 2024 U.S. Dist. LEXIS 174372, at *66-67 (D. Del. Sep. 26, 2024) (citing *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 356 (D. Del. 2009)).

**C.    Motion to Stay**

Courts have "discretionary authority to grant a motion to stay." *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, No. 14-cv-1192-LPS-CJB, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015) (citing *Cost Bros., Inc. v. Travelers Indent. Co.*, 760 F.2d 58, 60-61 (3d Cir.1985)). "This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery

is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Id.*

## IV.   DISCUSSION

This Discussion includes the following Sections: (A) Trividia States a Claim of Infringement of the '981 Patent But Fails to State a Claim of Infringement of the '871 Patent as a Matter of Law; (B) Trividia Fails to State a Claim for Relief for the '871 Patent as a Matter of Law; (C) Trividia Fails to Sufficiently Allege Knowledge of Willful and Indirect Infringement as a Matter of Law; (D) Trividia Fails to Sufficiently Allege Inequitable Conduct as a Matter of Law; (E) Trividia Fails to Adequately Assert the Affirmative Defenses of Waiver, Equitable Estoppel, and Prosecution Laches as a Matter of Law; (F) The Court Grants Trividia's Request to Amend; and (G) The Court Denies Roche's Stay Motion.

### A.   Trividia States a Claim of Infringement of the '981 Patent But Fails to State a Claim of Infringement of the '871 Patent as a Matter of Law

In its Answer and Counterclaims, Trividia, with respect to both of the Asserted Patents: (1) alleges infringement, (2) identifies allegedly infringing products, (3) recites the limitations of the Asserted Claims, (4) alleges, upon information and belief, that these limitations are satisfied, (5) includes an illustration of "representative" infringing products with annotations for certain of the limitations, and (6) alleges that these representative illustrations show that certain limitations of the Asserted Claims are satisfied. D.I. 13 at 34-43; *see* D.I. 18 (asserting that the imagery comes from a "user guide").

Trividia satisfies the pleading standard for its counterclaim that Roche infringes the '981 patent. Trividia did not "merely allege entitlement to relief." *See Bot M8*, 4 F.4th 1342, 1352. Instead, Trividia supported "the grounds for that entitlement with sufficient factual content," i.e., the illustrations of a representative infringing product with annotations for key limitations. *See*

6

*id.*; *see also* D.I. 13 at 39.  While the illustrations did not comprise annotations for each limitation, the illustrations (for the '981 patent) provided sufficient factual detail to allow the Court "to draw the reasonable inference that [Roche] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. 662, 678 (citation omitted); *compare* D.I. 13 at 39, *with* '981 patent claims 1 and 18; *see also Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) ("The district court determined that Disc Disease failed to 'explain how Defendants' products infringe on any of Plaintiff's claims' because it 'merely alleges that certain of Defendants' products 'meet each and every element of at least one claim' of Plaintiff's patents.' We disagree. Disc Disease's allegations are sufficient under the plausibility standard of *Iqbal/Twombly*. This case involves a simple technology. The asserted patents, which were attached to the complaint, consist of only four independent claims. The complaint specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet 'each and every element of at least one claim of the '113 [or '509] Patent, either literally or equivalently.' These disclosures and allegations are enough to provide VGH Solutions fair notice of infringement of the asserted patents." (citations omitted)).

Roche's arguments to the contrary are unavailing. *First*, Roche complains that Trividia's illustrations for the '981 patent fail to address each limitation in claims 1 and 18. D.I. 17 at 6. However, Trividia was "not required to plead infringement on an element-by-element basis." *AlexSam, Inc.*, 119 F.4th 27, 35 (quoting *Bot M8*, 4 F.4th 1342, 1352).  Instead, it was enough that Trividia placed Roche on notice of what activity "is being accused of infringement." *Id.* (quoting *Bot M8*, 4 F.4th 1342, 1352).

Moreover, as Trividia observes, since "details regarding allegedly infringing methods are primarily in the accused infringer's" possession, "courts have routinely found that infringement

allegations brought 'upon information and belief' are sufficient to satisfy the pleading standard when they pertain to accused methods or processes of manufacture." D.I. 18 at 10; *see, e.g.*, *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 469 n.7 (D. Del. 2016) ("And, indeed, it may not be possible for a plaintiff to describe its case-in-chief with particularity at the outset of litigation, without access to the accused method, the accused apparatus for reverse engineering, or confidential data such as source code."); *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, 700 F. Supp. 3d 189, 197 (D. Del. 2023) ("The use of 'information and belief' pleading in the complaint is consistent with the purposes previously approved by the Third Circuit and other courts. The 'information and belief' allegations relate to limitations that address the process for manufacturing the accused products, information to which DSM is not privy, or details regarding the composition of Honeywell's products that may be difficult to ascertain by testing the finished products, but which would be readily known to the manufacturer. Those allegations are therefore made in circumstances in which the factual information in question is peculiarly within the defendant's knowledge or control."); *NNCrystal US Corp. v. Nanosys, Inc.*, No. 19-cv-1307-RGA, 2020 WL 616307, at *3 (D. Del. Feb. 10, 2020) ("I find that the pertinent facts pled on information and belief here are within Defendant's knowledge and control, as they relate to processes performed by Defendant. I will not dismiss Plaintiff's First Amended Complaint [regarding patent infringement] on this basis." (citation omitted)).[1]

*Second*, Roche contends that as to some limitations of claims 1 and 18 of the '981 patent, Trividia "merely recites the claim language verbatim and adds a conclusory allegation that 'the

---

[1] Roche contends that a legal theory of infringement requires factual allegations to support plausibility even when some of the allegations regarding the manufacturing processes at issue are brought upon information and belief. D.I. 21 at 3. Roche is correct. With its annotated illustrations, however, Trividia's theory that Roche infringed the '981 patent is plausible.

representative Accu-Chek® Test Strip is formed' using those limitations." D.I. 17 at 7. Roche
also contends that "Trividia's '981 patent counterclaim is particularly problematic because it fails
to plead any factual allegations for key claim limitations material to patentability." D.I. 17 at 8.
In particular, Roche contends: "Here, Trividia fails to allege any facts regarding the 'movement'
limitations—the purported point of novelty to obtain issuance of the patent." D.I. 17 at 8.
However, as stated above, Trividia was "not required to plead infringement on an element-by-
element basis." *AlexSam, Inc.*, 119 F.4th 27, 35 (quoting *Bot M8*, 4 F.4th 1342, 1352). In addition,
as described above, information regarding "limitations that address the process for manufacturing
the accused products" may not be readily available to Trividia. *See DSM IP Assets*, 700 F. Supp.
3d 189, 197.

      *Third*, Roche contends: "Trividia's conclusory allegations are even more even more [sic]
general and conclusory than allegations that courts have held to be insufficient under *Iqbal* and
*Twombly*." D.I. 17 at 8. Roche first cites *Staton Techiya, LLC v. Harman Int'l Indus., Inc.*, 734
F. Supp. 3d 354, 376 (D. Del. 2024) in support. D.I. 17 at 8-9. In *Staton Techiya*, this Court
explained: "The claim recites that the processor 'calculates a value, using a first signal and a second
signal,' but the Complaint is unclear as to whether the microphones generate the second signal
because it pleads only a singular 'signal,' and it is unclear how many test signals are present
because there is more than one microphone alleged in the Complaint." *Staton Techiya*, 734 F.
Supp. 3d 354, 376-77. The Answer and Counterclaims here, however, do not allege "only a
singular" component with respect to any limitation that requires multiple components. *Compare*
D.I. 13, *with* '981 patent claims 1 and 18.

      Roche's out-of-circuit case (*see* D.I. 17 at 9) is not binding on this Court. *See Wahl Clipper
Corp. v. Conair Corp. & Conair LLC*, No. 23-cv-00114-JCG-LDH, 2024 U.S. Dist. LEXIS 23526,

9

at *2 (D. Del. Jan. 16, 2024) (confirming that out-of-circuit cases "are not binding on this Court");
*Daubert v. NRA Grp., LLC*, 861 F.3d 382, 395 (3d Cir. 2017) ("A decision of a federal district
court judge is not binding precedent in either a different judicial district, the same judicial district,
or even upon the same [district] judge in a different case." (alteration in original)
(quoting *Camreta v. Greene*, 563 U.S. 692, 709 (2011))).

Separately, Roche contends: "Trividia's failure to state a counterclaim of direct
infringement of the '981 patent also dooms Trividia's counterclaim for willful and indirect
infringement of the '981 patent." D.I. 17 at 9.  Roche contends further: "Trividia's barebones
allegations under the doctrine of equivalents should be dismissed for the same reason."  D.I. 17 at
9.  However, since Trividia adequately plead a claim for direct infringement of the '981 patent,
Trividia's claims for willful and indirect infringement, and also its allegations under the doctrine
of equivalents, are not "doom[ed]."  *See* D.I. 17 at 9; *see also Metrom Rail, LLC v. Siemens*
*Mobility, Inc.*, No. 22-cv-49-RGA, 2023 WL 2598775, at *1 (D. Del. Mar. 22, 2023) (holding that
"[b]oilerplate invocations of the doctrine of equivalents as an alternative to literal infringement are
sufficient" where the allegations of literal infringement are sufficient).

In its Reply, Roche emphatically re-asserts that "Trividia incorrectly contends that it was
not required to plead factual allegations for 'each and every' limitation for an asserted claim." D.I.
21 at 1.  Roche cites five cases for the proposition that "[t]o adequately plead direct infringement,
a plaintiff needs to plead facts that plausibly indicate that the accused products contain each of the
limitations found in the claim." D.I. 21 at 1-2.  These cases appear to correctly state the law.
However, Roche conflates pleading factual allegations for each and every limitation (which is not
required, as provided in *Bot M8*) with pleading facts that plausibly indicate that the accused product

10

contains each and every limitation (which is required).  Here, Trividia satisfies the latter with respect to the '981 patent.

Roche also asserts that "Trividia's reliance on *Bot M8* is misplaced."  D.I. 21 at 2.  In particular, Roche contends that *Bot M8*'s holding that a "plaintiff is not required to plead infringement on an element-by-element basis" (*see Bot M8*, 4 F.4th 1342, 1352) "means that the specific form of 'plead[ing] infringement on an element-by-element basis'—e.g., with claim charts—is not required" (D.I. 21 at 2).  However, the Federal Circuit did not cabin its "element-by-element" rule to a specific form (like charts) and neither will this Court.

While Trividia adequately pleads infringement of the '981 patent, Trividia fails to adequately plead infringement for the '871 patent.  Unlike the illustrations for the '981 patent, the illustrations and corresponding annotations for the '871 patent fail to provide sufficient factual detail to allow the Court "to draw the reasonable inference that [Roche] is liable for the misconduct alleged."  *See Ashcroft*, 556 U.S. 662, 678 (citation omitted).  While Trividia was not required to plead infringement on an element-by-element basis, Trividia eschewed factual presentation of the majority of the claim limitations, including several claim limitations that do not appear to be exclusively within Roche's knowledge.

For example, while claim 11 of the '871 patent requires "at least four electrodes, disposed on said first substrate, for measuring at least one electrical characteristic of said blood sample in said testing zone, said at least four electrodes including a working electrode, a counter electrode, a fill-detect anode, and a fill-detect cathode," Trividia's Answer and Counterclaims merely annotates a "four electrode pattern" without identifying the electrodes. D.I. 13 at 41-42. As Roche observes (D.I. 21 at 3), the Federal Circuit affirmed dismissal in a similar context. *Bot M8*, 4 F.4th

11

1342, 1355 ("While Bot M8 points to different storage components in the allegedly infringing devices, it never says which one or ones satisfy the mutual authentication limitation.").

In light of the Court's holdings, the Court does not address each contention raised by the parties.[2]

## B.    Trividia Fails to State a Claim for Relief for the '871 Patent as a Matter of Law

"Pursuant to 35 U.S.C. § 287(a), a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017). 35 U.S.C. § 287(a) provides:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, *except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.* Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a) (emphasis added). "The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Arctic Cat Inc.*, 876 F.3d 1350, 1365.[3]

---

[2] For example, the parties dispute whether the Motion and pleadings gave rise to a claim construction dispute. *See, e.g.*, D.I. 18 at 9-10.

[3] "The Federal Circuit has held that pleading infringement to be 'willful and with full knowledge' is sufficient to plead constructive notice of compliance with the marking statute." *Realtime Data LLC v. EchoStar Corp.*, No. 17-cv-00084-JDL, 2018 WL 11364376, at *3 (E.D. Tex. Oct. 16, 2018) (citing *Sentry Prot. Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005)); *see*

Here, Roche contends: "Trividia's counterclaims neither pleaded that Roche had actual notice of infringement before November 1, 2022 [i.e., the expiration of the '871 patent], nor that Trividia complied with the marking statute by alleging that it marked patented articles before November 1, 2022 or that it lacked any articles to mark." D.I. 17 at 12-13.

In response, Trividia contends that "'it is sufficient to allege that the accused infringer had knowledge of the asserted patents' to adequately raise the issue of pre-suit damages" (D.I. 18 at 12 (quoting *FO2GO LLC v. KeepItSafe, Inc.*, 2019 WL 1615398, at *4 (D. Del. Apr. 16, 2019))) and that Trividia's Answer and Counterclaims was sufficient because it alleged "that '*[r]egardless of any earlier knowledge*, on October 16, 2023, counsel for Trividia engaged in a video conference with representatives of Roche during which the '981 patent and the '871 patent were identified to Roche as being infringed' and that, by that time, Roche had actual knowledge of the '871 patent" (D.I. 18 at 12 (citing D.I. 13 ¶ 20)).

Here, regardless of whether the knowledge of an accused infringer is sufficient, Trividia's allegation of *potential* knowledge without *any* specification as to timing (and as a preface to a different allegation) lacks "facial plausibility" that would allow the Court "to draw the reasonable inference that [Roche] is liable for the misconduct alleged." *See Ashcroft*, 556 U.S. 662, 678. As such, Trividia fails to state a claim for relief for the '871 patent as a matter of law.[4]

_____

*Cordance Corp. v. Amazon.com, Inc.*, 631 F. Supp. 2d 484, 499 (D. Del. 2009). However, as discussed *infra* § IV(c), Trividia fails to adequately allege willful infringement.

[4] Trividia's argument that it was not required to "comply with the marking statute" as "to the asserted method claim" (D.I. 18 at 12) of the '871 patent is misleading. With respect to the '981 patent, Trividia asserts two methods claims (i.e., claims 1 and 18). Thus, Trividia was not required to plead compliance with the marking statute with respect to the '981 patent. *See Sapphire Crossing LLC v. Robinhood Mkts., Inc.*, 2021 WL 149023, at *7 (D. Del. Jan. 15, 2021) ("[I]n a case where a plaintiff is *only* asserting method claims of a patent that includes both method and apparatus claims, the marking statute does not apply." (emphasis added)). Perhaps for this reason, Roche did not raise the '981 patent in its motion. However, with respect to the '871 patent, Trividia

C.     **Trividia Fails to Sufficiently Allege Knowledge of Willful and Indirect Infringement as a Matter of Law**

"Claims for induced, contributory and willful infringement all require that the defendant had knowledge of the patents-in-suit and knowledge that the acts at issue constituted patent infringement." *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 491 (D. Del. 2021).

The parties cite competing fact patterns exemplifying, or not exemplifying, pleadings alleging the requisite level of knowledge. Roche, for example, cites *Cleveland Medical Devices Inc. v. ResMed Inc.* (D.I. 17 at 14), which held that the plaintiff had "not adequately pled" that the defendant "had pre-suit knowledge of infringement" because "[n]owhere [did] [plaintiff] allege that its correspondence with [defendant] identified [defendant's] accused products, identified [plaintiff's] asserted patent and claims allegedly infringed, and explained why [defendant's] accused products or components read on the claims' limitations." No. 22-cv-794-GBW, 2023 WL 6389628, at *5 (D. Del. Oct. 2, 2023).

Roche also cites *Bench Walk Lighting* (D.I. 17 at 14) which held: "With regard to the notice letter, nowhere in its answering brief did Plaintiff make any argument as to why the content of that letter sufficed to establish the requisite pre-suit knowledge [and thus] Plaintiff necessarily conceded that the letter cannot do so." 530 F. Supp. 3d 468, 492.

---

asserts one apparatus claim (i.e., claim 11) and one method claim (i.e., claim 26). Therefore, Trividia was required to plead compliance with the marking statute with respect to the '871 patent. *See Am. Med. Sys. v. Med. Eng'g*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993) ("The purpose behind the marking statute is to encourage the patentee to give notice to the public of the patent. The reason that the marking statute does not apply to method claims is that, ordinarily, where the patent claims are directed to only a method or process there is nothing to mark. Where the patent contains both apparatus and method claims, however, to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a).").

Trividia, on the other hand, cites *VideoLabs, Inc. v. Netflix, Inc.* (D.I. 18 at 13), which found knowledge sufficiently plead where the complaint alleged, among other things, that the patent holder sent the following information to the alleged infringer:

> [A]lthough we are continuing to analyze Netflix's streaming service globally, we can confirm that we have acquired many patents relevant to Netflix and would still like to discuss some options for how Netflix can license these patents. . . . Some examples of patents that we have confirmed are used by Netflix and provide it substantial value include:
>
> - U.S. Patent No. 8,139,878: used by Netflix to encode its content with H.264 CAVLC entropy encoding;
>
> - U.S. Patent No. 7,440,559: used by Netflix to control the flow of its video content to customers, such as with Netflix's Bookmarking, Smart Downloads, Skip Intro/Recap, and Autoplay features;
>
> - U.S. Patent No. 7,233,790: used by Netflix to present its video content catalogue to customers using a wide variety of devices.

No. 22-cv-229, 2024 WL 2153274, at *10-11 (D. Del. May 14, 2024).

Trividia also cites *VideoLabs, Inc. v. Meta Platforms, Inc.* in support of its argument. D.I. 18 at 13 (citing 730 F. Supp. 3d 111, 127 (D. Del. 2024) ("Here, Plaintiffs adequately pled claims of willful and indirect infringement. The Complaint alleges that VideoLab and Meta representatives spoke to each other on a number of occasions. On January 30, 2020, the parties met in person and VideoLab representatives presented Meta with a proposal to license VideoLab's platform. The Complaint continues to describe additional conversations between the parties. Importantly, Plaintiffs allege that their representatives reached out to Defendants and state 'with regards to Facebook, and based on our analysis so far, we have determined that VideoLabs' current patent portfolio is relevant to the majority of Defendants' annual revenue in some way and we have 17 unique claim charts completed or in development related to Defendants' backend infrastructure.' The Complaint also avers that Plaintiffs' sent a letter to Defendants regarding their

15

alleged infringement. These allegations, viewed in the light most favorable to Plaintiffs at this

stage of the litigation, plausibly show that Defendants had pre-suit knowledge and for this reason

the claims of indirect and willful infringement are sufficiently pled." (cleaned up))).

Trividia also cites *Election Systems & Software, LLC v. Smartmatic USA Corp.* in support

of its argument. D.I. 18 at 13 (citing No.18-cv-1259-RGA, 2019 WL 1040541, at *2 (D. Del. Mar.

5, 2019) ("Plaintiff's complaint alleges that Plaintiff gave Defendant notice of its infringement of

the patents-in-suit on February 23, 2018. After this notice, Defendant submitted a proposal offering

to sell an accused infringing product. On July 19, 2018, Plaintiff sent a letter to Defendant,

informing Defendant that the ballot marking device it offered for sale infringed the patents-in-suit.

Defendant has continued with the VSAP proposal and development of a ballot marking device for

Los Angeles County. On these facts, it is plausible that Defendant intentionally or knowingly

infringed the patent-in-suit. Plaintiff has therefore sufficiently alleged that Defendant willfully

infringed." (cleaned up))).

Here, Roche's and Trividia's cases confirm that Trividia failed to sufficiently allege

Roche's knowledge for the purpose of willful and indirect infringement.  Like the plaintiff in

*Cleveland Medical Devices*, for example, Trividia did not adequately plead that Roche "had pre-

suit knowledge of infringement" because "[n]owhere does [Trividia] allege that its correspondence

with [Roche] identified [Roche's] accused products, identified [Trividia's] asserted patent and

claims allegedly infringed, and explained why [Roche's] accused products or components read on

the claims' limitations."  *See* 2023 WL 6389628, at *5.  Similarly, unlike the plaintiff in

*VideoLabs, Inc. v. Netflix, Inc.*, Trividia did not allege that, in the video conference with Roche,

Trividia described *how* Roche violated the Asserted Patents.  *See* 730 F. Supp. 3d 111, 127

(observing that the patent holder made allegations describing as much); *see also Election Sys. &*

*Software*, 2019 WL 1040541, at *2 (acknowledging that the plaintiff, unlike here, identified a specific allegedly infringing product, i.e., the ballot marking device).

Trividia also asserts: "In response to a demand from Roche, the parties entered into a Confidential Disclosure Agreement (CDA) restricting disclosure of certain information discussed in the video conference causing difficulties in presenting further details at this time." D.I. 18 at 14 n.6. As described below, the Court will grant Trividia's request to file amended counterclaims. In light of the parties' Confidential Disclosure Agreement, Trividia may request to file its amended counterclaims under seal.

Finally, the parties debate whether post-suit indirect and willful infringement can be based on knowledge obtained from the filing of Trividia's Answer and Counterclaims. *See* D.I. 17 at 15-16; D.I. 18 at 14-15. Absent instruction to the contrary from the Federal Circuit or U.S. Supreme Court, the Court adopts Trividia's position, such that post-suit indirect and willful infringement can be based on knowledge obtained from the filing of Trividia's Answer and Counterclaims. *See DSM IP Assets*, 700 F. Supp. 3d 189, 199-203 ("Judges in this district have on several occasions addressed the question whether knowledge of a patent gained as of the time of the infringement complaint can serve as knowledge of the patent for purposes of proving indirect infringement. . . . I will follow the majority rule as adopted in *SoftView* and *IOENGINE*. Based on that authority, I reject Honeywell's suggestion in its brief that a claim of post-suit indirect infringement cannot be based on knowledge obtained from the complaint that initiated the lawsuit. . . . As in the case of indirect infringement, courts are divided as to whether allegations of willfulness are sufficient to withstand a motion to dismiss when the element of knowledge of the patent is based on the filing of the complaint in the case in which willfulness is alleged. Again, a majority of courts that have addressed that issue have held that a charge of post-filing willfulness

17

can properly be predicated on knowledge of the patent as a result of the filing of either the original complaint or an amended complaint. I agree with that line of cases, and for the reasons stated above, Honeywell's motion to dismiss DSM's willfulness allegations is denied, except as to claim 8, as discussed in footnote 3, above." (citations omitted)).

**D.     Trividia Fails to Sufficiently Allege Inequitable Conduct as a Matter of Law**

Roche contends: "Trividia's inequitable conduct counterclaim and affirmative defense are fatally deficient." D.I. 17 at 16. Roche is correct. Trividia's Answer and Counterclaims "fails to identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found—i.e., the 'what' and 'where' of the material omissions." *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329 (Fed. Cir. 2009); *see also Allergan USA, Inc. v. Prollenium US Inc.*, No. 19-cv-126-CFC-SRF, 2019 U.S. Dist. LEXIS 222245, at *6 (D. Del. Dec. 30, 2019) ("Affirmative defenses for inequitable conduct are subject to the heightened pleading standard of Rule 9(b)."); *IBM v. Priceline Grp., Inc.*, No. 15-cv-137-LPS-CJB, 2017 U.S. Dist. LEXIS 54285, at *13 (D. Del. Apr. 10, 2017) (confirming that a "counterclaim and affirmative defense for inequitable conduct rise and fall together"). As such, Trividia fails to sufficiently allege the counterclaim and affirmative defense of inequitable conduct. *See id.* In light of the Court's holding, the Court does not address each contention raised by the parties.[5]

---

[5] For example, the parties dispute whether Trividia adequately plead the "who" and "scienter" requirements of inequitable conduct. *See, e.g.*, D.I. 21 at 8. Insofar as there are additional shortcomings in Trividia's Answer and Counterclaims, and insofar as Trividia files amended counterclaims that include counterclaim(s) for inequitable conduct, Trividia should strive to sufficiently remedy these shortcomings to mitigate additional motion practice.

E.     **Trividia Fails to Adequately Assert the Affirmative Defenses of Waiver, Equitable Estoppel, and Prosecution Laches as a Matter of Law**

Roche contends: "Trividia's affirmative defenses of waiver, equitable estoppel and prosecution laches fail to provide any notice of the factual bases for those defenses and thus should be dismissed." D.I. 17 at 18. Trividia disagrees and, in doing so, cites *Boston Scientific Corp. v. Edwards Lifesciences Corp.*, No. 16-cv-275-SLR-SRF, 2017 WL 781046, at *2 (D. Del. Feb. 28, 2017). D.I. 18 at 18. *Boston Scientific* confirms that due "to the differences between Rules 8(a) and 8(c) in text and purpose, *Twombly* and *Iqbal* do not apply to affirmative defenses, which need not be plausible to survive," and that rather, an affirmative defense generally "must merely provide fair notice of the issue involved." 2017 WL 781046, at *2.

However, Trividia ignores that, as an exception to this rule, "the equitable affirmative defenses of waiver [and] estoppel . . . must be plead with particularity under Rule 9(b)" (like the affirmative defense of inequitable conduct discussed in the previous Section). *Bench Walk Lighting LLC v. Everlight Elecs. Co.*, No. 20-cv-49-RGA, 2020 WL 5128086, at *1 (D. Del. Aug. 31, 2020) (striking equitable estoppel and waiver defenses because defendant failed to plead sufficient facts under Rule 9(b)); *Bayer CropScience AG v. Dow AgroSciences LLC*, 2011 WL 6934557, at *3 (D. Del. Dec. 30, 2011) (striking equitable estoppel defense because plaintiff "was required to plead this affirmative defense with particularity under Rule 9(b)"); *Tigo Energy Inc. v. SMA Solar Tech. Am. LLC*, 2024 WL 964203, at *3-4 (D. Del. Mar. 5, 2024) (striking equitable defenses of "equitable estoppel" and "waiver" because plaintiff "failed to plead each defense with the requisite particularity under Rule 9(b)").

Here, Trividia merely asserts that Roche's "claims are barred in whole or in part by the doctrines of waiver [and] estoppel." D.I. 13 at 29.  Lacking particularity, the Court strikes Trividia's affirmative defenses of waiver and estoppel without prejudice.[6]

As to prosecution laches, an "assertion of prosecution latches" that "is limited to a one sentence conclusory statement, containing no information to support the elements of unreasonable and inexcusable delay" is insufficient and subject to a motion to strike.  *Sonos, Inc. v. D&M Holdings Inc.*, No.14-cv-1330-RGA-MPT, 2016 WL 4249493, at *7 (D. Del. Aug. 10, 2016), *report and recommendation adopted*, No. 14-cv-1330-RGA, 2016 WL 4581078 (D. Del. Sept. 1, 2016); *see Allergan Holdings Unlimited Co. v. MSN Lab'ys Priv. Ltd.*, No. 23-cv-794-RGA, 2024 WL 3444368, at *4 (D. Del. July 17, 2024) (striking prosecution laches defense for failure to plead how defendant "face[d] any prejudice as a result of [the patentee's] delay").

Here, Trividia perfunctorily alleges: "Plaintiff's claims are barred in whole or in part by the doctrine of prosecution laches because of an inequitable scheme to extend patent rights including, among other things, an unreasonable delay in prosecuting the asserted claims under the facts presented here."  D.I. 13 at 30.  Like the assertion in *Sonos*, Trividia's "assertion of prosecution latches" here "is limited to a one sentence conclusory statement, containing no information to support the elements of unreasonable and inexcusable delay." *See Sonos, Inc.*, 2016 WL 4249493, at *7.  Lacking sufficiency, the Court strikes Trividia's affirmative defense of prosecution latches without prejudice.

---

[6] Trividia contends that "Trividia has plead inequitable conduct with the requisite particularity." D.I. 18 at 19.  The Court addresses whether Trividia sufficiently plead inequitable conduct *supra* § IV(D).

## F.    The Court Grants Trividia's Request to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading" with "the court's leave" and that the Court "should freely give leave when justice so requires." "The Third Circuit has adopted a liberal policy favoring amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *Mallinckrodt Inc. v. E-Z-EM Inc.*, 671 F. Supp. 2d 563, 567 (D. Del. 2009). Having considered this liberal policy and the record, the Court grants Trividia's request for leave to amend its counterclaims. Trividia's amendment may not assert any new counterclaims or affirmative defenses; rather, it may only correct the pleading deficiencies in the counterclaims and affirmative defenses already asserted.

## G.    The Court Denies Roche's Stay Motion

As stated above, also pending before the Court is Roche's Stay Motion requesting either (1) "a stay of discovery with respect to Trividia's counterclaims, pending the resolution of Roche's Motion to Dismiss Counterclaims (D.I. 16, 17, 21)," or, in the alternative, (2) "to bifurcate and stay discovery on the counterclaims." D.I. 53. In light of the Court's ruling on Roche's Motion, the Court denies-as-moot the first request in Roche's Stay Motion. The Court, in the exercise of its discretion and upon review of the record and the parties' letter briefing (D.I. 53; D.I. 54), also denies the second request in Roche's Stay Motion.

As described above, this Court "has discretionary authority to grant a motion to stay." *Kaavo Inc.*, 2015 WL 1737476, at *1. As both parties recognize, "[t]his Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Id.*

21

Case 1:24-cv-00668-GBW   Document 62   Filed 02/07/25   Page 22 of 23 PageID #: 1210

Here, the factors do not favor a stay. Given that each party is asserting patent infringement claims against the other party (with respect to patents directed to similar technology), a stay of one of the parties' claims (or bifurcation) may, as Trividia observes, "result in duplicate efforts for the litigating [] parties" and the Court. D.I. 54 at 2. It would not simplify issues, for example, to risk separate *Markman* hearings and summary judgment hearings. *See Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, No. 17-cv-1687-LPS-CJB, 2019 U.S. Dist. LEXIS 3704, at *4 (D. Del. Jan. 8, 2019) ("The District Court may have been even more mindful of the need to keep this case moving forward, in light of the parties' particular litigation history. The counterclaims at issue are just one front of a larger battle between Plaintiff and Defendant—a battle that spans two different civil cases in this District . . . , which also involve affirmative claims of patent infringement brought by both sides regarding a significant number of patents. It is a careful balance to keep all of these cases and issues moving forward in a just and equitable manner, and the District Court clearly felt that staying discovery as to the counterclaims pending the resolution of the motions to dismiss and sever was not the right way to strike that balance.").

Moreover, if Roche was so concerned with the purported burden or impropriety of proceeding with discovery on Trividia's counterclaims, Roche could have stipulated to Trividia's proposed global stay of discovery as to both of the parties' claims. *See* D.I. 54 at 1 ("To resolve this dispute and avoid burdening the Court, Trividia suggested a global stay of discovery. Evidencing a tactical decision, not one seeking to avoid effort and expense, Roche rejected Trividia's offer instead proceeding with the present MTS.").

In addition, while the posture of the case is relatively early, the parties (as Trividia observes) "have already devoted substantial time and resources to negotiating scheduling and protective orders, serving and responding to discovery requests, producing documents, briefing

Roche's MTD and now its MTS, and serving initial disclosures, Initial Invalidity Contentions and Initial Infringement Contentions." D.I. 54 at 2 (citations omitted).

At bottom, the Court will not stay discovery as to Trividia's counterclaims, while allowing discovery as to Roche's claims to continue, risking the unnecessary duplication of effort by the parties and also the unnecessary expenditure of the Courts' limited resources, especially where Roche has declined a global stay.

In light of *inter alia* the insufficiency of Trividia's counterclaims, however, the Court would entertain a stipulation or request for a global stay, consistent with this Memorandum Opinion and the instructions in the accompanying Order. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1302 (Fed. Cir. 2011) (en banc) (O'Malley, J., concurring) (explaining that the "[c]areful application of the pleading requirements set forth in *Exergen*" and "orders to stay discovery" are "tools district courts can employ where appropriate" to prevent "litigation abuses" based on improper inequitable conduct claims); *see also Levey v. Brownstone Inv. Grp.*, 590 F. App'x 132, 137 (3d Cir. 2014) ("The Rule 12(b)(6) procedure streamlines litigation by dispensing with needless discovery and factfinding, and motions to dismiss filed under it should typically be resolved before discovery begins." (cleaned up)). The Court's decision is predicated on the precise facts before it.

## V.    CONCLUSION

For the foregoing reasons, the Court (1) **GRANTS-IN-PART** and **DENIES-IN-PART** Roche's Motion, (2) **GRANTS** Trividia's request to amend, and (3) **DENIES** Roche's Stay Motion. An Order consistent with this Memorandum Opinion will be entered.