**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ROCHE DIABETES CARE, INC.,

       Plaintiff,
       Counterclaim-Defendant,

   v.

TRIVIDIA HEALTH, INC.,

       Defendant,
       Counterclaim-Plaintiff.

Civil Action No. 24-668-GBW

---

## MEMORANDUM ORDER

Pending before the Court is Roche's Letter Brief Regarding Discovery Disputes ("Request to Compel") (D.I. 130), which has been fully briefed (D.I. 131).[1]  For the following reasons, the Court grants-in-part and denies-in-part Roche's Request to Compel.

## I.    DISCUSSION

Roche raises two issues in its Request to Compel.  Regarding the first issue, Roche postulates that Trividia commercially launched in 2013 what Roche refers to as the True Metrix products and that the True Metrix products infringe Roche's patents.  D.I. 130 at 1.  Roche contends that its infringement "claims necessarily implicate facts and events that occurred more than 6 years before the filing of the complaint in June 2024" and seeks to compel Trividia to produce certain categories of documents and information from before June 2018, i.e., the six-year cutoff for discovery in the Delaware Default Standard for Discovery.  D.I. 130 at 1.[2]

---

[1] The Plaintiff in this action is Roche Diabetes Care, Inc. ("Roche" or "Plaintiff").  The Defendant is Trividia Health, Inc. ("Trividia" or "Defendant").

[2] The Delaware Default Standard for Discovery is accessible online at https://www.ded.uscourts.gov/default-standard-discovery.

Regarding the second issue, Roche "requests that the Court order the parties to produce—by the substantial completion deadline—all responsive, non-privileged documents from the custodial and noncustodial sources that it is aware of, pursuant to a reasonably diligent search." D.I. 130 at 3.

The Court addresses each issue below.

## A.    The Court Grants-in-Part and Denies-in-Part Roche's Request to Compel Trividia to Produce Certain Categories of Documents and Information from Before June 2018

As stated above, Roche seeks to compel Trividia to produce certain categories of documents and information from prior to June 2018, i.e., the six-year cutoff for discovery in the Delaware Default Standard for Discovery. D.I. 130 at 1. "The Delaware Default Standard for Discovery provides that, absent a showing of 'good cause,' discovery should 'be limited to a term of 6 years before the filing of the complaint.'" *GlaxoSmithKline v. Pfizer*, No. 24-cv-1135-GBW, 2025 WL 1547724, at *8 (D. Del. May 30, 2025). Relevance may inform this good cause analysis, though "if the possible existence of some other relevant, non-produced documents was always enough to demonstrate good cause to abandon the Default Standard's requirements, the Standard would be worth little." *Galaxosmithkline LLC v. Teva Pharm. USA, Inc.*, No. 14-878-LPS-CJB, 2016 WL 859229, at *2 (D. Del. Mar. 3, 2016).

Here, Roche contends that there is good cause to compel Trividia to produce the following categories of documents and information: (1) Development of Accused Products; (2) First Sale / Use / Demonstration / Manufacture / Launch of the Accused Products; (3) Trividia's Knowledge of Roche's Patents, Products, and Methods; and (4) Damages and Reasonable Royalty. D.I. 130 at 1-3.[3] Roche also states and, Trividia does not dispute, that "Trividia demanded (and Roche

---

[3] Trividia asserts that for each of these categories, "Roche contends that Trividia (and this Court) should abandon the good cause requirement merely because the requested information may lead

2

agreed to) collection of Roche documents beyond the 6-year cutoff solely on the basis that Trividia's requests called for 'relevant' information." D.I. 130 at 2.

Below, the Court analyzes each category of documents and information of which Roche seeks to compel Trividia to produce.

1.    **Development of Accused Products**

The first category of documents and interrogatory responses of which Roche seeks to compel Trividia to produce concern "research, development, design, functionality, and testing of the Trividia Accused Products and Methods" and also the "regulatory approval of the Trividia Accused Products." D.I. 130 at 2. Roche contends that such information "is directly relevant to infringement" and, in support, cites *CooperVision v. Ciba Vision*. DI. 130 at 2 (citing No. 06-cv-149, 2007 WL 2264848, at *6 (E.D. Tex. Aug. 6, 2007) ("Documents relating to the concept, design and manufacturing of allegedly infringing products are relevant . . . since making a patented product without authorization is, itself, an infringing activity. Furthermore, process documents may lead to the discovery of admissible evidence since product features are defined during the concept, design and manufacturing process.")). Roche further asserts that this category of requested documents and information is relevant to "willful infringement," "Trividia's prior use defense under 35 U.S.C. § 273," and damages. D.I. 130 at 2.

In contrast, Trividia does not believe there is good cause to compel the production of this category of documents and interrogatory responses. Trividia flags that "Roche acknowledges" that "Trividia already agreed to produce Device Manufacturing Records ('DMRs') and Design History Files ('DMFs') from more than six years prior to the Complaint, which consists of ESI

_____

to some relevant information." D.I. 131 at 2. This is a mischaracterization of Roche's arguments. Instead, Roche argues *inter alia* that the relevance of the documents and information it seeks supports good cause. D.I. 130 at 1-3.

plus over 100 boxes of paper documents." D.I. 131 at 2. Trividia contends that Roche fails to explain why these productions are insufficient. D.I. 131 at 2. Trividia challenges whether this category of requested documents and interrogatory responses would be relevant to willful infringement. D.I. 131 at 2. Trividia otherwise contends that Roche's request that the Court compel the production of this category of documents and information stems from mere conjecture on what "could be" discovered and is overly burdensome. D.I. 131 at 2.

Having considered the parties' arguments and the relevant rules and case law, the Court grants Roche's Request to Compel, with respect to this category of documents and interrogatory responses, in light of the following: (1) this category of documents and interrogatory responses are relevant to the infringement analysis; (2) this category of documents and interrogatory responses are relevant to Trividia's prior use defense under 35 U.S.C. § 273; (3) Trividia does not respond to Roche's assertion that this category of documents and interrogatory responses are relevant to Trividia's prior use defense under 35 U.S.C. § 273; (4) Trividia does not sufficiently support its assertion of undue burden; and (5) to ensure parity arising from Trividia's request, and Roche's agreement, for Roche to produce documents from before the six-year cutoff for discovery in the Delaware Default Standard.

## 2.    First Sale / Use / Demonstration / Manufacture / Launch of the Accused Products

The second category of documents of which Roche seeks to compel Trividia to produce concern "the first sale, use, demonstration, manufacture, and launch of the Trividia Accused Products and Methods." D.I. 130 at 2.[4] Roche contends that such documents are "directly relevant to establishing the hypothetical negotiation date—which is the date of first infringement—for

---

[4] Unlike the other three categories, this category regards only documents and not interrogatory responses.

4

calculating reasonable royalties." D.I. 130 at 2. Trividia contends that "Roche has not explained why any documents should be necessary, where, as here, Roche already knows when the accused products were introduced, and Trividia has already produced its audited financial data." D.I. 131 at 3.

The Court will briefly address the relevant law. A reasonable royalty for determining damages arising from patent infringement is frequently "based upon a hypothetical negotiation between the patentee and the infringer when the infringement began." *Wirtgen Am., Inc. v. Caterpillar, Inc.*, 715 F. Supp. 3d 587, 591 (D. Del. 2024) (citing *Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 517 (Fed. Cir. 1995)). A patent is infringed when a person "without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent." 35 U.S.C. § 271(a). Courts must be "careful to distinguish the hypothetical negotiation date from other dates that trigger infringement liability." *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012). "For example, the six-year limitation on recovery of past damages under 35 U.S.C. § 286 does not preclude the hypothetical negotiation date from taking place on the date infringement began, even if damages cannot be collected until some time later." *Id.*

Having considered the parties' arguments and the relevant law, the Court grants Roche's Request to Compel, with respect to this category of documents, in light of the following: (1) this category of requested documents is relevant to the willful infringement analysis; (2) that Roche, at least according to Trividia, "already knows when the accused products were introduced" does not necessarily mean that Roche knows the date when the alleged infringement began since infringement can, as discussed in the previous paragraph, begin on dates other than when the accused products were introduced; (3) the date of first infringement appears to indisputably be

5

well before the six-year cutoff for discovery from the Delaware Default Standard for Discovery;
(4) that the alleged infringement apparently began before the statutory cut-off date for damages
does not preclude the hypothetical negotiation date from taking place on the day infringement
began; and (5) to ensure parity arising from Trividia's request, and Roche's agreement, for Roche
to produce documents from before the six-year cutoff for discovery in the Delaware Default
Standard for Discovery.

**3.      Trividia's Knowledge of Roche's Patents, Products, and Methods**

The third category of documents and interrogatory responses of which Roche seeks to
compel Trividia to produce concern "Trividia's knowledge and/or analysis of Roche's patents,
products, and/or methods, of Trividia's infringement, and copying." D.I. 130 at 2-3.  Roche
contends that such "discovery is directly relevant to at least willful infringement." D.I. 130 at 3.
Trividia contends that this category of documents and interrogatory responses is not relevant "as
Roche already conceded that it did not provide Trividia with actual or constructive notices of the
patents-in-suit more than 6 years prior to the Complaint." D.I. 131 at 3.

Trividia conflates the standards for willful infringement and the marking statute.  While a
patent holder's provision of actual or constructive notice of infringement to an alleged infringer
may inform the alleged infringer's subjective knowledge of infringement for the purpose of willful
infringement, whether the patent holder provided such actual or constructive notice is a
requirement of the marking statute and not willful infringement. *See Arctic Cat Inc. v. Bombardier
Rec. Prods.*, 950 F.3d 860, 865 (Fed. Cir. 2020). ("Thus, once a patentee begins making or selling
a patented article, the notice requirement attaches, and the obligation imposed by § 287 is
discharged only by providing actual or constructive notice.").  Indeed, willful infringement "turns
on the knowledge of an infringer" and not "the conduct of the patentee." *Id.* at 866.

6

Having considered the parties' arguments and the relevant law, the Court grants Roche's Request to Compel, with respect to this category of documents and interrogatory responses, in light of the following: (1) this category of requested documents and information is relevant to the willful infringement analysis; (2) whether Roche, as Trividia contends, admitted that it did not provide actual or constructive notice of infringement to Trividia does not foreclose willful infringement; and (3) to ensure parity arising from Trividia's request, and Roche's agreement, for Roche to produce documents from before the six-year cutoff for discovery in the Delaware Default Standard for Discovery.

### 4.    Damages and Reasonable Royalty

The fourth category of documents and interrogatory responses of which Roche seeks to compel Trividia to produce concern "damages, including the reasonable royalty as of the hypothetical negotiation date and comparable licenses." D.I. 130 at 3. Roche contends that this "discovery is directly relevant to calculating reasonable royalty for Roche's claims and should be produced." D.I. 130 at 3. Trividia contends that "Roche has not shown good cause exists for burdening Trividia to produce documents and information on all damages/reasonable royalty issues when the damages period is limited to at most 6 years prior to the filing of the Complaint." D.I. 131 at 3.

Trividia is correct that "[e]xcept as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286. Since Roche does not sufficiently articulate the relevance of this category of documents and information, a category of which concerns damages of which Roche cannot apparently obtain, Roche fails to carry its burden of demonstrating "good cause" to deviate from the Delaware Default Standard for this category of documents and information. *See* Delaware Default Standard for Discovery, 1(c)(i) (requiring "a

showing of good cause by the requesting party"). The Court, therefore, denies Roche's Request to Compel with respect to this category of documents and information without prejudice.

**B.    The Court Denies Roche's Request to Order the Parties to Produce Documents by the Substantial Completion Deadline**

As stated above, Roche "requests that the Court order the parties to produce—by the substantial completion deadline—all responsive, non-privileged documents from the custodial and noncustodial sources that it is aware of, pursuant to a reasonably diligent search." D.I. 130 at 3. Trividia responds that it "has repeatedly confirmed it will comply with that date." D.I. 131 at 1.

Having reviewed the parties' arguments, the Court denies Roche's Request to Compel in this respect "without prejudice as premature." *See Melendez v. Harper*, Civil Action No. 18-674-RGA, 2019 U.S. Dist. LEXIS 218030, at *8 (D. Del. Dec. 19, 2019); *see Bibbs v. New River Cmty. & Tech. Coll.*, 285 F.R.D. 382, 390 (S.D. W. Va. 2012) ("Clearly, Plaintiff filed this Motion to Compel prior to Defendants' deadline for responding to the discovery requests. Therefore, Plaintiff's Motion to Compel is premature.").

In the event that Trividia fails to comply with its production obligations by the substantial completion deadline, Roche may renew its request.

**II.    CONCLUSION**

For the foregoing reasons, the Court grants-in-part and denies-in-part Roche's Letter Brief Regarding Discovery Disputes (D.I. 130).

\* \* \*

WHEREFORE, at Wilmington this 9th day of July 2025, **IT IS HEREBY ORDERED**

that Roche's Letter Brief Regarding Discovery Disputes (D.I. 130) is **GRANTED-IN-PART** and

**DENIED-IN-PART**.

_____

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE